**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BINABEN JAYESHKUMAR NAYI, et al., | Case No. 25 CV 2024 |
| Plaintiffs, | |
| v. | Honorable Sunil R. Harjani |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al., | |
| Defendants. | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiffs Binaben Jayeshkumar Nayi, her spouse, Jayeshkumar Vasudevbhai Nayi, and their children, Janvi Jayeshbhai Nayi and Dhaval Jayeshbhai Nayi, allege unreasonable delay by the United States Citizenship and Immigration Services (USCIS) in processing their U-visa petitions, determining whether Plaintiffs have bona fide petitions, and deciding whether they are authorized to work. Defendants Kristi Noem,[1] as Secretary of Homeland Security, Pamela Bondi, as Attorney General of the United States, Kika Scott, as Acting Director of USCIS, Laura Zuchowski, as Director of USCIS's Vermont Service Center, and Loren K. Miller, as Director of USCIS's Nebraska Service Center, moved to dismiss this action under Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, Defendants' motion to dismiss [5] is granted, and the Court dismisses the Complaint for lack of subject matter jurisdiction and failure to state a claim for relief.

---

[1] The clerk is directed to substitute Kristi Noem, Secretary of Homeland Security, for her predecessor, Alejandro Mayorkas; Pamela Bondi, Attorney General of the United States, for her predecessor, Merrick B. Garland; and Kika Scott as the Acting Director of USCIS, for Ur Mendoza Jaddou, as the named defendants in this suit. *See* Fed. R. Civ. P. 25(d).

## Background

### A.      The Statutory Scheme for U-Visa Petitions

In 2000, Congress created a new nonimmigrant visa classification under § 101(a)(15)(U) of the Immigration and Nationality Act (codified at 8 U.S.C. § 1101(a)(15)(U)) to strengthen the ability of law enforcement agencies to detect, investigate, and prosecute cases of certain crimes for which noncitizens may be often targeted, to increase reporting of crimes, and to protect those who have been victimized. Pub. L. No. 106-386, § 1513, 114 Stat. 1464, 1533–34 (2000).  An eligible foreign national may apply for status through a § 101(a)(15)(U) visa, or "U visa," for herself, as well as for qualifying family members, such as a spouse and children. 8 U.S.C. § 1101(a)(15)(U)(i)–(ii); 8 C.F.R. § 214.14(f)(1).  Such status authorizes a foreign national for employment. 8 U.S.C. § 1184(p)(3)(B); 8 C.F.R. § 214.14(c)(7).

Prior to obtaining this status, a foreign national may be authorized for employment in two ways.  First, "USCIS, in its discretion, may authorize employment for . . . petitioners and qualifying family members" who are placed on the U-visa waiting list. 8 C.F.R. § 214.14(d)(2). Only 10,000 U visas may be issued to principal foreign nationals each year, 8 U.S.C. § 1184(p)(2), so eligible petitioners who, due solely to the cap, are not granted a U visa "must be placed on a waiting list," 8 C.F.R. § 214.14(d)(2).  For petitions on the waiting list, USCIS gives priority for final adjudication to the oldest petitions, often filed years prior. *Id.*; *see Lobatos v. Noem*, 2025 WL 1651220, at *1 (N.D. Ill. June 11, 2025) (describing USCIS's policy for processing U-visa petitions).

Second, USCIS may authorize employment for petitioners and qualifying family members who have "bona fide" petitions.  The INA provides that USCIS "may grant work authorization to any [foreign national] who has a pending, *bona fide* application." 8 U.S.C. § 1184(p)(6) (emphasis

added).  So in June 2021, USCIS implemented the "Bona Fide Determination (BFD) Process" by which it can determine whether a petition is bona fide and merits a grant of employment authorization and deferred action. *Lobatos*, 2025 WL 1651220, at *1.

### B.    Plaintiffs' Petitions and Complaint

Plaintiffs are natives and citizens of India who live in Cook County, Illinois. [1] ¶¶ 2, 8–11.  On June 25, 2024, Plaintiffs filed an I-918 petition for Mrs. Nayi and I-918A petitions for her husband and children for U nonimmigrant status. *Id.* ¶ 43; [1-3].  On August 30, 2024, USCIS issued notices to plaintiffs for the collection of biometric information at an Application Service Center in Norridge, IL. [1] ¶ 44; [1-4].  Plaintiffs completed the collection on September 16, 2024. [1] ¶ 44.

On March 3, 2025, Plaintiffs filed this case seeking action and relief under the Administrative Procedure Act ("APA") (Counts I and III) and under the Mandamus Act (Count II). [1] ¶¶ 49–59.  Plaintiffs claim that Defendants have unreasonable delayed the determination of whether Plaintiffs have "bona fide" petitions, the decision on whether Plaintiffs are authorized for employment; and the processing of their petitions.  Plaintiffs seek a declaration that Defendants have a duty to issue a bona fide determination notice to them and an order compelling Defendants to issue such notice and employment authorization to them.

### Legal Standard

Defendants move to dismiss the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Rule 12(b)(1) tests the sufficiency of the complaint on subject matter jurisdiction, not the merits of the case. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014).  For a Rule 12(b)(1) motion, the plaintiffs bear the burden of establishing that subject matter jurisdiction has been met. *Id.* at 588–89.  When a Rule 12(b)(1) motion makes a

factual challenge and contends that a pleading is formally sufficient but "there is in fact no subject matter jurisdiction," the court can consider evidence beyond the allegations in the pleading to determine whether subject matter jurisdiction exists. *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (citation and emphasis omitted).  In contrast, when a Rule 12(b)(1) motion to dismiss makes a facial challenge and contends that, even if the facts in the complaint are true, the plaintiff has not "sufficiently alleged a basis of subject matter jurisdiction," courts do not look beyond the complaint's allegations. *Id.* at 443 (emphasis omitted).  Here, Defendants argue that the Court lacks subject matter jurisdiction because a certain statute applies to the facts as alleged in the Complaint, not because facts external to the Complaint call the Court's jurisdiction into question.  Thus, Defendants' Rule 12(b)(1) motion is properly understood as a facial challenge.

Defendants also move to dismiss the Complaint under Rule 12(b)(6).  "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555.  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

When deciding a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the non-

4

moving party. *See Ctr. for Dermatology & Skin Cancer*, 770 F.3d at 588; *Heredia v. Cap. Mgmt. Servs., L.P.*, 942 F.3d 811, 814 (7th Cir. 2019). However, a complaint must consist of more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555).

## Discussion

Defendants argue that, pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), the Court lacks subject matter jurisdiction over USCIS's discretionary determination to grant employment authorization to U-visa petitioners with pending bona fide petition. According to Defendants, this jurisdictional bar extends to the Court's review of the discretionary determinations for purposes of mandamus relief.

In the alternative, Defendants argue that Plaintiffs do not have a plausible claim for relief under the APA because USCIS's delay in processing the petitions is not unreasonable as a matter of law. They also argue that Plaintiffs fail to state a claim for mandamus relief because they do not plead a clear right to have USCIS adjudicate their petitions within any certain time frame, a duty for USCIS to do so, or an inability to seek the same relief under the APA.[2]

---

[2] The Court notes that the Government also moves to dismiss under Rule 12(b)(3) for improper venue. [6] at 9–12. The Court denies the motion on this ground and finds that venue is proper under 28 U.S.C. § 1391(e), which allows for a case to be brought where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(e)(1)(B). To be eligible for U nonimmigrant status, all petitioners must submit to biometric capture, including qualifying family members. 8 C.F.R. §§ 214.14(c)(3). USCIS can only adjudicate a petition once biometric capture is complete. *See id.* § 214.14(b). Plaintiffs were instructed by USCIS to appear at an application service center in Norridge, IL for collection of their biometrics. [1-4]. Accepting the allegations in the Complaint as true, Plaintiffs completed this request. [1] ¶ 44. Thus, a substantial part of the events giving rise to the claims—*i.e.*, the events necessary for USCIS to make determinations on Plaintiffs' petitions—occurred within the district, and venue is proper.

### A.    USCIS's Bona Fide Determination and Employment Authorization

To begin, the Court addresses whether it has jurisdiction to review Plaintiffs' claims that Defendants have unreasonably delayed the determination of whether Plaintiffs have "bona fide" petitions, the determination of whether Plaintiffs are authorized for employment; and the processing of their petitions. [6] at 6–8.

Section 1252(a)(2)(B)(ii) precludes review of a decision or action "of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii).   Section 1184(p)(6), which governs Plaintiffs' petitions, provides that the Secretary "*may* grant work authorization to any [foreign national] who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." *Id.* § 1184(p)(6) (emphasis added).   Defendants argue that this language sets out the discretionary authority necessary to trigger § 1252(a)(2)(B)(ii)'s jurisdictional bar.   Plaintiffs respond that USCIS has its own publicly adopted guidance requiring prompt action where no fraud exists and biometric capture has been completed.   However, Plaintiffs neither identify the alleged language nor explain how it creates time limitations on the Secretary's decision making that may escape the bar under § 1252(a)(2)(B)(ii).

The Supreme Court has repeatedly observed that the word "may" clearly connotes discretion. *Biden v. Texas*, 597 U.S. 785, 802 (2022).   Other courts in this district have held that the word "may" in § 1184(p)(6) connotes discretion and thus § 1252(a)(2)(B)(ii) applies to USCIS's decisions regarding U-visa employment authorization determinations. *See Ahir v. Noem*, 2025 WL 2522642, at *3 (N.D. Ill. Sept. 2, 2025); *Patel v. Noem*, 2025 WL 1766104, at *2 (N.D. Ill. June 26, 2025); *Patel v. Noem*, 2025 WL 1489204, at *2 (N.D. Ill. May 23, 2025).   This Court

holds the same. However, this holding does not conclude the analysis. Plaintiffs allege unreasonable delay regarding three different adjudications, so the Court must decide whether each one is classified as "any other decision or action" that is barred from review by § 1252(a)(2)(B)(ii).

Turning to Plaintiffs' claims, the Court first asks whether it may review the claim of unreasonable delay in USCIS granting or denying employment authorization to Plaintiffs. The Court finds *Soni v. Jaddou*, 103 F.4th 1271 (7th Cir. 2024), as instructive. In *Soni*, the Seventh Circuit considered a foreign national living in the United States who applied for a waiver that would allow him to apply for an immigrant visa without living outside the United States for the requisite ten-year period. 103 F.4th at 1272. The relevant statute provided that an eligible person could obtain the waiver "if it is established that to the satisfaction of the Attorney General that the refusal of admission to such immigrant [foreign national] would result in extreme hardship to the citizen or lawfully resident spouse or parent of such [foreign national]. *No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause.*" 8 U.S.C. § 1182(a)(9)(B)(v) (emphasis added). After seventeen months of waiting, the foreign national filed a complaint in district court to compel USCIS to render a decision. 103 F.4th at 1272. The district court dismissed the complaint for lack of jurisdiction based on the last sentence in the statute. *Id.* The Seventh Circuit affirmed because the delay in addressing the plaintiff's application for a waiver was an "action regarding" the waiver. *Id.* at 1272–73. Such delay could be caused by setting priorities, such as the number of employees who will process U-visa petitions as opposed to handle other duties, or other aspects of managing USCIS that fall under the Secretary's discretion. *See id.*

Here, Plaintiffs' claims center around a delay in agency action. *Soni* teaches that the delay itself is an "action" within the scope of § 1252(a)(2)(B)(ii), which precludes review of "any . . .

7

action" regarding the Secretary's grant of employment authorization. Thus, the Court is precluded from reviewing any alleged delay regarding USCIS's employment authorization determination.

Second, the Court asks whether it may review the claim of unreasonable delay in USCIS determining whether Plaintiffs' petitions are bona fide. *Patel v. Garland*, 596 U.S. 328 (2022), provides the necessary guidance. In *Patel v. Garland*, the Supreme Court considered the scope of the related provision of § 1252(a)(2)(B)(i), which precludes judicial review of "any judgment regarding the granting of relief under" certain INA statutes, including § 1255. *Id.* at 336. The plaintiff-appellant, a foreign national, had applied for an adjustment of immigrant status under § 1255(i), which requires that the applicant be statutorily admissible for permanent residence. *Id.* at 333. USCIS determined that the plaintiff-appellant was not admissible under § 1182(a)(6)(C)(ii)(I), and it denied his application. *Id.* at 333–34. The Supreme Court held that the denial of the plaintiff-appellant's claim was barred from review by § 1252(a)(2)(B)(i). *Id.* at 347. It found that the word "any" is expansive and not restricted to certain kinds of decisions, so all decisions leading to the granting or denying of relief is subject to the jurisdictional bar. *Id.* at 337–39. Thus, courts could not review any determinations that were part of the denial of his application, including the § 1182(a)(6)(C)(ii)(I) factual determination that the plaintiff-appellant was not "statutorily admissible." *Id.* at 339.

USCIS's "bona fide determination" is like the factual determination in *Patel v. Garland*. Section 1184(p)(6) provides discretion to authorize employment for a petitioner with a "bona fide" petition. According to the statute's structure, USCIS must determine a petition is bona fide before it can decide whether to grant or deny employment authorization. The bona fide determination is a component of USCIS's decision on whether to issue employment authorization to Plaintiffs, just as the factual determination in *Patel v. Garland* was a component of USCIS's challenged decision

8

to adjust the plaintiff-appellant's immigrant status. *See* 596 U.S. at 339. And just as the Supreme Court held that the factual determination was part of the "judgment" precluded from review under § 1252(a)(2)(B)(i), the bona fide determination is part of the "decision or action" precluded from review under § 1252(a)(2)(B)(ii). The term "bona fide" is nowhere defined in the statutory scheme. Without any other statutory or regulatory indication that this determination is mandatory, the bona fide determination must fall within the same discretion granted by § 1184(p)(6). Other courts in this district have also held that the bona fide determination is discretionary and thus subject to the jurisdictional bar. *Patel v. Noem*, 2025 WL 1766104, at *3 ("[A] determination of whether a petition is 'bona fide' is discretionary, which means granting or denying a [bona fide determination] is discretionary too."); *Lobatos*, 2025 WL 1651220, at *4–5 (finding that the bona fide determination falls under "any other decision or action" in the language of § 1252(a)(2)(B)(ii)).

Third, the Court asks whether it may review the claim of unreasonable delay in USCIS processing Plaintiffs' petitions. Congress mandated that USCIS pass implementing regulations for the administration of U visas. *See* 8 U.S.C. §§ 1101(a)(15)(U), 1103(a)(3). In doing so, USCIS committed itself by regulation to place eligible applicants on the waiting list. *Patel v. Noem*, 2025 WL 1766104, at *3 (citing *Gonzalez v. Cuccinelli*, 985 F.3d 357, 374 n.10 (4th Cir. 2021)). USCIS regulations state that "[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status *must be placed on a waiting list* and receive written notice of such placement." 8 C.F.R. § 214.14(d)(2) (emphasis added). Because there is no statutory grant of discretion that overrides this limitation, these regulations are a sufficient basis for judicial review for unreasonable delay. *Patel v. Noem*, 2025 WL 1766104, at *3. Otherwise, USCIS would possess

"unfettered discretion to relegate [foreign nationals] to a state of 'limbo,' leaving them to languish there indefinitely." *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004).

Further, *Calderon-Ramirez* demonstrates that courts may determine whether a U-visa petitioner's wait for processing is unreasonable. *See* 877 F.3d at 276. In *Calderon-Ramirez*, the Seventh Circuit considered whether the eighteen-month delay that plaintiff-appellant faced for processing of his U-visa petition was unreasonable. *Id.* The government agreed that USCIS has a duty to process U-visa petitions. *Id.* Because the INA and corresponding regulations provide no timeframe for such processing, the Seventh Circuit held that courts must determine whether plaintiff-appellant's wait had been unreasonable. *Id.*

In conclusion, the Court holds that it lacks subject matter jurisdiction over Plaintiffs' APA claims alleging unreasonable delay in USCIS's determining whether Plaintiffs' petitions are bona fide and whether Plaintiffs are authorized for employment. Accordingly, Count I is dismissed-in-part and Count III is dismissed under Rule 12(b)(1). But the Court maintains jurisdiction to review Plaintiff's unreasonable delay claim in Count I regarding the processing of petitions.

### B. USCIS's Processing of Plaintiffs' Petitions

Defendants alternatively argue that Plaintiffs' allegations are insufficient to state a claim for unreasonable delay in adjudicating their petitions. Defendants rely on the six-factor test from *Telecommunications Research and Action Center v. F.C.C. (TRAC)*, 750 F.2d 70, 80 (D.C. Cir. 1984) to evaluate the reasonableness of a delay.

Courts routinely analyze the *TRAC* factors in immigration cases at the motion to dismiss stage. *See, e.g.*, *Romero v. Scott*, 2025 WL 815071, at *4 (N.D. Ill. Mar. 12, 2025) (applying *TRAC* factors and collecting cases); *Ebrahimi v. Blinken*, 732 F. Supp. 3d 894, 910–13 (N.D. Ill. 2024) (same); *Orozco v. Blinken*, 2023 WL 4595377, at *3–6 (N.D. Ill. July 18, 2023) (same); *see also*

10

*Menominee Indian Tribe of Wis. v. EPA*, 947 F.3d 1065, 1075 (7th Cir. 2020) (Hamilton, J., concurring) ("The D.C. Circuit has set forth a general framework for deciding claims of agency delay that courts can apply to unanswered rulemaking petitions.").

However, the *TRAC* factors are not mandatory in evaluating whether there is unreasonable delay. In *Calderon-Ramirez*, the Seventh Circuit ruled on unreasonable delay without explicitly analyzing the *TRAC* factors. 877 F.3d at 276. It considered the increased backlog of U-visa applications from 2009 to 2016 and how USCIS had only recently made changes to alleviate the backlog. *Id.* In light of the circumstances, the court held that plaintiff-appellant's eighteen-month wait to be placed on the waiting list was not unreasonable. *Id.* Here, Plaintiffs sought relief after eight months of waiting. *See* [1] ¶ 43. Even considering that it has now been fifteen months since their petitions were filed, that is still significantly shorter than the approximately 30.5 months it takes USCIS to process the majority of its U-visa applications. *Processing Time for Petition for U Nonimmigrant Status (I-918) at Service Center Operations (SCOPS)*, U.S. Citizenship & Immigr. Servs., https://egov.uscis.gov/processing-times.[3] While the Court is sympathetic to Plaintiffs' plight, their case is similar to *Calderon-Ramirez* and similarly fails to demonstrate unreasonable delay.

Even when applying the *TRAC* factors, Plaintiffs fare no better as it still leads to the conclusion that delay has not been unreasonable:

    (1) <u>Whether the agency proceeds via a rule of reason</u>. USCIS gives the highest priority for adjudication to the oldest U-visa petitions. 8 C.F.R. § 214.14(d)(2). Accordingly, courts

---

[3] The Court takes judicial notice of USCIS's information concerning its processing of U visas that is available on its public website as a matter of public record. *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019); *see also Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011) ("We have recognized the authority of a court to take judicial notice of government websites."); *Orozco*, 2023 WL 4595377, at *1 n.1 (taking judicial notice of publicly available statistics and information concerning USCIS's processing of E-2 visas).

have routinely recognized that this priority method is a rule of reason. *Patel v. Noem*, 2025 WL 1766104, at \*4; *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 261 (E.D.N.Y. 2021) *A.C.C.S. v. Nielsen*, 2019 WL 7841860, at \*4 (C.D. Cal. Sept. 17, 2019); *see also Zadeh v. Blinken*, 2024 WL 2708324, at \*10 (N.D. Ill. May 20, 2024) ("first-in, first-out" priority for K-1 visas deemed rule of reason; *Muvvala v. Wolf*, 2020 WL 5748104, at \*3 (D.D.C. 2020) (same for H-4 status applications). Thus, the first factor favors USCIS.

(2) <u>Whether Congress has provided a timeframe</u>. When there is no "congressionally supplied yardstick, courts typically turn to case law as a guide." *Patel v. Noem*, 2025 WL 1766104, at \*4 (quoting *Sarlak v. Pompeo*, 2020 WL 3082018, at \*6 (D.D.C. June 10, 2020)). While "[n]o bright lines have been drawn in this context," courts "have generally found that immigration delays in excess" of five years are unreasonable, "while those between three [and] five years are often not unreasonable." *Orozco*, 2023 WL 4595377, at \*4 (collecting cases). For U visas, courts in this circuit have found delays of over eighteen months to not be unreasonable. *Calderon-Ramirez*, 877 F.3d at 276 (eighteen-month delay not unreasonable); *Patel v. Noem*, 2025 WL 1766104, at \*5 (two-year delay not unreasonable). Plaintiffs cite *Kim v. Ashcroft*, 340 F. Supp. 2d at 393, to argue that courts "routinely find that delays exceeding six months may be presumptively unreasonable," [9] at 3, but that is not what *Kim* teaches. *Kim* involved a 42-month delay in an adjudication of the plaintiff's application to adjust his immigration status under 8 U.S.C. § 1255(a), which he alleged in the complaint only took approximately twelve to eighteen months for other applications. 340 F. Supp. 2d at 386-87. In contrast, Plaintiffs seek relief from an eight-month waiting period for a

12

determination that takes over thirty months for most petitions. In all events, the Supreme Court has said that evidence of the passage of time, standing alone, is insufficient to support a claim for unreasonable delay. *INS v. Miranda*, 459 U.S. 14, 18 (1982). Without a statutory scheme, the Court has no reason to disturb USCIS's processing of petitions in the order in which they are filed. Thus, the second factor favors USCIS.

(3) <u>Whether human health and welfare are at stake</u>. Plaintiffs allege that they have been harmed by the delay by not being able to earn a livelihood and consequently being deprived of related benefits. [1] ¶ 48. Plaintiffs further argue that the delay prevents them from "working, contributing, and stabilizing their lives." [9] at 2. However, this alone is insufficient to compel USCIS to expedite determinations. Every delay in work authorization necessarily affects a petitioner's ability to earn a livelihood, and Plaintiffs fail to differentiate the effect of delay upon them from the effect inflicted upon other petitioners waiting ahead of them for adjudication. *Calderon-Ramirez*, 877 F.3d at 275–76. Thus, the third factor favors USCIS.

(4) <u>The effect of expediting delayed action on agency activities of a higher or competing priority</u>. As other courts in the district have held, a ruling for Plaintiffs would presumably divert resources away from other competing priorities. *Dyvonyak v. Mayorkas*, 2024 WL 3520058, at *3 (N.D. Ill. July 24, 2024); *Ebrahimi*, 732 F. Supp. 3d at 913). The diversion of resources from other important priorities, such as other nonimmigrant visa adjudications, weighs in favor of USCIS. *Orozco*, 2023 WL 4595377, at *5.

(5) <u>The nature and extent of interests prejudiced by delay</u>.  This factor overlaps with the third factor and favors USCIS for the same reasons.

(6) <u>Impropriety lurking behind agency lassitude</u>.  Plaintiffs do not allege any impropriety in the processing of their petitions, and thus this factor has no application here.

Thus, the Court concludes that the Complaint fails to state an APA claim for unreasonable delay and dismisses the remainder of Count I under Rule 12(b)(6).

### C.      Mandamus Relief

In a mandamus action, Title 28, United States Code, Section 1361 grants district courts the power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  A writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes." *United States v. Henderson*, 915 F.3d 1127, 1132 (7th Cir. 2019) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004)).  For the court to grant the writ, the petitioner must demonstrate: "(1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) [that] no other adequate remedy is available." *Calderon-Ramirez*, 877 F.3d at 275 (quoting *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002)).

Before reaching the three requirements, Defendants contend that the Court lacks subject matter jurisdiction over Plaintiffs' mandamus claim under Title 8, United States Code, Section 1252(a)(2)(B)(ii).

Section 1252(a)(2)(B) precludes review of judgments or discretionary decisions or actions "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section . . . 1361 [of title 28]."  In *Britkovyy v. Mayorkas*, the Seventh Circuit analyzed this language in determining whether § 1252(a)(2)(B)(i) precluded review of an adjustment-of-status application denial. 60 F.4th 1024, 1029–30 (7th Cir. 2023).  The plaintiff-appellant argued that the statutory

bar did not preclude APA review of USCIS's adjustment-of-status application denial based on the presumption that agency actions are reviewable. *Id.* at 1029. The Seventh Circuit rejected this argument because a statute must be ambiguous for the presumption of reviewability to apply, and § 1252(a)(2)(B) is not ambiguous. *Id.* Through the statute's plain language, Congress made clear its intent to preclude judicial review other than through the process outlined in § 1252. *Id.* at 1030. The Seventh Circuit held that § 1252(a)(2)(B)(i) precluded jurisdiction over USCIS's decision, vacated the district court's judgment, and remanded with instructions to dismiss for lack of jurisdiction. *Id.* at 1032.

The same language applies to "any other decision or action" made by USCIS under § 1252(a)(2)(B)(ii), which applies here. The statute specifically precludes jurisdiction to review discretionary decisions or actions notwithstanding the relief offered under Title 28, United States Code, Section 1361. *See* 8 U.S.C. § 1252(a)(2)(B)(ii). Accordingly, mandamus relief is not available as an alternate ground for jurisdiction to review USCIS actions. As discussed above, the Court lacks jurisdiction under Title 8, United States Code, Section 1252(a)(2)(B)(ii) to consider Plaintiffs' APA claims regarding USCIS's employment authorization determinations and bona fide determinations as to Plaintiffs' petitions. Finding jurisdiction over a mandamus claim seeking the same relief would circumvent Congress's clear intent to limit review. Following *Britkovyy*, this Court holds that it lacks jurisdiction over Plaintiffs' mandamus claim seeking relief on the bona fide and employment authorization determinations.

There remains one final aspect of Plaintiffs' mandamus claim. The Complaint alleges an unreasonable delay in USCIS's "statutory obligation" to process their petition. [1] ¶ 50. The Complaint seeks mandamus relief to "compel defendants to perform a duty owed to plaintiff." *Id.*

¶ 53. Because the Court has jurisdiction to review the time it takes USCIS to process the petitions, the Court considers whether Plaintiffs have sufficiently stated a claim for mandamus relief.

Defendants contend that Plaintiffs fail to satisfy all three requirements for mandamus relief because they do not have a clear right to have USCIS adjudicate their petitions within any certain time frame, USCIS does not have a duty to do so, and the relief sought is duplicative of the relief that can be awarded under the APA.

The third requirement is determinative. Courts have often found that mandamus is not appropriate where the claim seeks the same relief for unreasonable delay by USCIS as an accompanying APA claim. *See, e.g.*, *Dyvonyak*, 2024 WL 3520058, at *4; *Ebrahimi*, 732 F. Supp. 3d at 908; *Antonishin v. Keisler*, 627 F. Supp. 2d 872, 881 (N.D. Ill. 2007). The same is true here, where the mandamus relief sought is duplicative of that available under the APA. Because this Court could grant the petitioner an order compelling the adjudication of Plaintiff's petition as a remedy under the APA, the third element identified above cannot be satisfied. Consequently, the mandamus claim in Count II must be dismissed under Rules 12(b)(1) and 12(b)(6).

## Conclusion

For the reasons stated above, Defendants' motion to dismiss [5] is granted. Plaintiffs' Complaint is dismissed for lack of subject matter jurisdiction and failure to state a claim.

**SO ORDERED.**

Dated: September 9, 2025

_____
Sunil R. Harjani
United States District Judge

16